UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

FEB 2 3 2011

DEPUTY CLERK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | NO. 3:11-00046 |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| v. | ) | 18 U.S.C. § 1341 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1028A |
| | ) | |
| STEPHEN McLAUGHLIN | ) | |

# INDICTMENT

## COUNTS ONE THROUGH THREE

THE GRAND JURY CHARGES:

At all times material to this Indictment:

### I. Background

1.  EquipLinq, Co. was a business entity, formed as a Tennessee Corporation and operated within the State of Tennessee, that sold and leased construction equipment to construction contractors.

2.  Defendant STEPHEN McLAUGHLIN was an owner and the President of EquipLinq from in or about April 2008, through in or about December 2009.

3.  As the President of EquipLinq, STEPHEN McLAUGHLIN was responsible for, among other things, obtaining construction equipment for EquipLinq so that EquipLinq had inventory to offer for sale or lease to its customers.

4. STEPHEN McLAUGHLIN obtained the construction equipment that formed EquipLinq's inventory by contacting construction equipment dealers and arranging for EquipLinq to purchase and/or lease various items of construction equipment.

5. EquipLinq frequently purchased and/or leased its inventory of construction equipment using credit obtained through construction equipment dealers from either the dealer's in-house finance departments or third-party finance companies.

6. For construction equipment purchased and/or leased by EquipLinq using credit, STEPHEN McLAUGHLIN caused the transmission of any required documentation to the relevant construction equipment dealers. The relevant construction equipment dealers, in turn, transmitted the required documentation, or information contained therein, to either in-house finance departments or third-party finance companies to allow the in-house finance departments or the third-party finance companies to decide whether to extend credit to EquipLinq.

## II. The Scheme to Defraud

7. Beginning in or about November 2008, and continuing at least until in or about December 2009, in the Middle District of Tennessee and elsewhere, **STEPHEN McLAUGHLIN** devised, and intended to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by acts of concealment of the scheme, and in furtherance thereof used interstate wires and commercial interstate carriers.

8. It was part of the scheme that, in connection with EquiqLinq's purchase, lease, and/or use of credit to purchase and/or lease construction equipment, STEPHEN McLAUGHLIN knowingly caused the transmission of documentation bearing signatures not made by the persons who supposedly signed the documentation and not made with such persons' authority ("forged

signatures"), as well as other false information, to construction equipment dealers, in-house finance departments, and/or third-party finance companies.

9. It was further part of the scheme that STEPHEN McLAUGHLIN knowingly caused the transmission of documentation bearing forged signatures, as well as other false information, to construction equipment dealers, in-house finance departments, and/or third-party finance companies for the purpose of deceiving in-house finance departments and/or third-party finance companies into extending credit to EquipLinq.

### III. The Wire Communications

10. On or about the dates set forth below with respect to each count, in the Middle District of Tennessee and elsewhere, **STEPHEN McLAUGHLIN**, for the purpose of executing and attempting to execute the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, and pictures, namely, the following, each instance being a separate count of this Indictment:

| Count | Date of wire | Description of wire |
|---|---|---|
| 1 | On or about 11/6/08 | STEPHEN McLAUGHLIN caused to be transmitted, via facsimile to company H outside the state of Tennessee, an "Account Agreement and Terms" and a "Guaranty" that bore the forged signatures of Individual NS, and/or other false information. |
| 2 | On or about 2/23/09 | STEPHEN McLAUGHLIN caused to be transmitted, via facsimile to company V outside the state of Tennessee, an "Application for Financing" that bore the forged signature of Individual NS, and/or other false information. |
| 3 | On or about 3/25/09 | STEPHEN McLAUGHLIN caused to be transmitted, via facsimile to company C outside the state of Tennessee, a "Commercial Revolving Account Application" that bore the forged signature of Individual SF. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

1.  Paragraphs 1 through 9 of Counts One through Three are hereby incorporated and realleged as if fully set forth herein.

2.  On or about May 13, 2009, in the Middle District of Tennessee and elsewhere, **STEPHEN McLAUGHLIN**, for the purpose of executing and attempting to execute the aforesaid scheme, did knowingly cause to be delivered, by a commercial interstate carrier to Company C, a "Guarantee" that bore the forged signature of Individual NS, and/or other false information.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about February 23, 2009, in the Middle District of Tennessee and elsewhere, **STEPHEN McLAUGHLIN**, did knowingly use, transfer, and possess, without lawful authority, the means of identification of another person, specifically, a name, that may be used alone or in conjunction with any other information to identify a specific individual, during and in relation to a felony violation of 18 U.S.C. § 1343. Specifically, STEPHEN McLAUGHLIN, falsely used the name of Individual NS referenced in Count Two when causing a fraudulent "Application for Financing" to be transmitted via facsimile to company V.

In violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

On or about March 25, 2009, in the Middle District of Tennessee and elsewhere, **STEPHEN McLAUGHLIN**, did knowingly use, transfer, and possess, without lawful authority, the means of identification of another person, specifically, a name, that may be used alone or in conjunction with any other information to identify a specific individual, during and in relation to a felony violation of 18 U.S.C. § 1343. Specifically, STEPHEN McLAUGHLIN, falsely used the name of Individual SF referenced in Count Three when causing a fraudulent "Commercial Revolving Account Application" to be transmitted via facsimile to company C.

In violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION

1.  Counts One through Six are hereby incorporated and realleged as if fully set forth herein.

2.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(2)(B), Title 18, United States Code, Section 1028(b)(5) and Title 28, United States Code, Section 2461(c), upon conviction of any of the offenses alleged in Counts One through Six of this indictment, **STEPHEN McLAUGHLIN** shall forfeit to the United States of America any and all property, real or personal, obtained directly or indirectly as a result of the scheme or artifice to defraud as alleged in the Indictment, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in the Indictment, and any personal property used or intended to be used to commit the offenses alleged in the Indictment. The property to be forfeited includes but is not limited to a money judgment in an amount of at least $100,062.41, which represents proceeds of the offenses described above.

3.  If any of the property described above, as a result of any act or omission of **STEPHEN McLAUGHLIN**:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property. The United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of **STEPHEN McLAUGHLIN** up to the value of the property listed above as being subject to forfeiture.

A TRUE BILL

FOREPERSON

*/s/ Jerry E. Martin*
JERRY E. MARTIN
UNITED STATES ATTORNEY

*/s/ Matthew J. Everitt*
MATTHEW J. EVERITT
ASSISTANT UNITED STATES ATTORNEY

7

Case 3:11-cr-00046   Document 1   Filed 02/23/11   Page 7 of 7 PageID #: 7